IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PIERO A. BUGONI, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-21-1272 |
| EMPLOYMENT BACKGROUND INVESTIGATIONS, INC., | * | |
| | * | |
| Defendant. | | |

\*\*\*

## MEMORANDUM OPINION

Pending is self-represented plaintiff Piero A. Bugoni's motion for reconsideration of the July 28, 2021, order that dismissed this case without prejudice. ECF No. 6.

### I. Motion for Reconsideration

Federal Rule of Civil Procedure Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, while Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). Because plaintiff filed this motion within 28 days after the court issued its judgment, *see* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."), and the reasons for reconsideration do not indicate it should be construed as a motion brought under Rule 60(b), the court understands the motion to be brought under Rule 59(e).

There are three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent a manifest injustice. *See U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002). However, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence

that could have been raised prior to the entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). "[G]ranting a motion for reconsideration is an extraordinary remedy, which should be used sparingly." *Sullivan v. Washington Metro. Area Transit Auth.*, No. GLS-19-00300, 2020 WL 5500185, at *2 (D. Md. Sept. 11, 2020); *see also Pacific Ins. Co.*, 148 F.3d at 403. "Clear error or manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension[.]'" *Wagner v. Warden*, No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (quoting *King v. McFadden*, No. JMC-14-91, 2015 WL 4937292, at * 2 (D.S.C. Aug. 18, 2015)).

## II. Discussion

Plaintiff does not address any of the above grounds for reconsideration. Rather, he asserts this case should be reopened for "excusable neglect," explaining that he "misunderstood" the time provided to complete and return a United States Marshal form to serve the complaint and "chose to wait" for a ruling in a related case prior to serving the complaint.[1] *Id*. Additionally, Plaintiff generally asserts that his claims may be time-barred if this case is not reopened. Given these assertions, the only relevant ground for reconsideration is to "prevent manifest injustice." *U.S. ex rel. Becker* 305 F.3d at 290. Mindful that plaintiff is a pro se litigant whose filings are accorded liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), who misunderstood the court's directions, and to avoid the possibility that his claims may become time-barred, the court will grant the motion for reconsideration.

---

[1] It is likely that Bugoni is referencing *Bugoni v. Employment Background Investigations,* civil action no. SAG-20-1133 (D. Md).

Lastly, Bugoni indicates his intention is to obtain counsel and file an amended complaint. Accordingly, the court will grant him until October 6, 2021, to retain counsel, for counsel to enter an appearance in this case, and to file a motion to amend the complaint.

### III. Conclusion

For the foregoing reasons, the court will grant the motion for reconsideration (ECF No. 6). A separate order follows.

August 10, 2021                          /s/
Date                                        Stephanie A. Gallagher
                                             United States District Judge