IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PIERO A. BUGONI, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-21-1272 |
| EMPLOYMENT BACKGROUND INVESTIGATIONS, INC., *et al*, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Piero A. Bugoni ("Plaintiff"), who is self-represented, filed his third lawsuit against Defendant Employment Background Investigations, Inc. ("EBI") on May 24, 2021. ECF 1. As in his other two actions against EBI (one of which remained pending at the time he filed this suit), Plaintiff alleges that EBI performed a background investigation of him in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 and state law. EBI has filed a motion for summary judgment, ECF 32, citing *res judicata*. The Clerk's Office sent Plaintiff a Rule 12/56 letter advising him of the potential consequences of failing to respond to the dispositive motion in a timely manner. ECF 33. Nevertheless, Plaintiff has not responded, and his time to do so has now expired. I have carefully reviewed the motion and find that no hearing is necessary. *See* Local Rule 105.6 (2021). For the reasons that follow, EBI's motion for summary judgment will be granted.

**I.      Procedural Background**

Plaintiff filed his first Complaint against EBI and its president on June 11, 2019. *See* ECF 1, Civ. No. 1:19-cv-001711-RDB ("*Bugoni I*"). United States District Judge Richard D. Bennett

dismissed the action without prejudice on September 11, 2019 because Plaintiff failed to pay the reduced filing fee. *Bugoni I*, ECF 6.

Several months later, Plaintiff again sued the same defendants for essentially the same conduct. *See* ECF 1, Civ. No. 1:20-cv-01133-SAG ("*Bugoni II*"). That Complaint, consisting of 27 counts, alleged that EBI had violated the FCRA and committed other torts arising out of the background screening report it provided to ValueMomentum, a client of Plaintiff's closely-held corporation, BallCam Technologies, Inc. ("BallCam"). *Bugoni II*, ECF 1. After full briefing of a motion to dismiss, on October 9, 2020, this Court dismissed 25 of Plaintiff's 27 claims against EBI, along with all of his claims against EBI's president. *Bugoni II,* ECF 20, 21. On March 13, 2021, EBI filed a motion for summary judgment as to the remaining two claims. ECF 35. While that motion remained pending, Plaintiff filed a Notice of Interlocutory appeal, ECF 40, followed by a Motion for Leave to File Amended Complaint on May 18, 2021. ECF 48. Just six days later, and while both the motion for summary judgment and the interlocutory appeal were pending in *Bugoni II*, Plaintiff filed his Complaint in the instant action ("*Bugoni III*"). The Complaint in *Bugoni III* only asserts 7 causes of action, but they again arise out of harms Plaintiff alleges he incurred from EBI's preparation of a background investigation report for BallCam's client. *Bugoni III*, ECF 1.

The United States Court of Appeals for the Fourth Circuit dismissed Plaintiff's interlocutory appeal in *Bugoni II* on January 13, 2022. *Bugoni II*, ECF 58. On February 8, 2022, this Court denied Plaintiff's motion for leave to file an amended complaint in that case, because the motion did not comply with the Local Rules. *Bugoni II*, ECF 60. This Court ordered that the parties complete briefing on EBI's pending Motion for Summary Judgment. *Id.*

Nearly ten months after *Bugoni III* was filed, Plaintiff served the summons and complaint in this case on March 14, 2022. *Bugoni III*, ECF 20. Less than two weeks later, on March 25, 2022, this Court issued a memorandum opinion and order granting summary judgment for EBI in *Bugoni II*. *Bugoni II*, ECF 62, 63. Plaintiff appealed the judgment in *Bugoni II* to the Fourth Circuit, but on July 12, 2022, the Fourth Circuit dismissed the appeal for failure to prosecute. *Bugoni II*, ECF 75. Meanwhile, in *Bugoni III*, EBI filed the instant motion for summary judgment arguing that *res judicata* bars Plaintiff's claims.[1]

## II.     Legal Standards

*Res judicata*, also known as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp Antitrust Litigation*, 335 F.3d 322, 325 (4th Cir. 2004). Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). The doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *Id.* at 354-55. Where those elements are met, "then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Varat Enterprises, Inc. v. Nelson, Mullins, Riley, and Scarborough*, 81 F.3d 1310, 1314-15 (4th Cir. 1996).

---

[1] This motion presents as a pre-discovery motion for summary judgment because EBI attaches a series of exhibits. See ECF 32. Because Plaintiff has not responded to the motion, he has not established that discovery would be needed before summary judgment can be fairly adjudicated. In the circumstances of this case, moreover, discovery would not clarify the issues in any manner.

3

**III.     Analysis**

The first and third elements of *res judicata* are unequivocally established in this case. This Court entered a final judgment on the merits in *Bugoni II*. And there is an identity of parties in the two suits, because Mr. Bugoni is the Plaintiff in both actions and EBI is the Defendant.

To establish where there is "an identity in the cause of action" between the two suits, this Court considers whether "the second claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 43 (4th Cir. 1990) (citing *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)). Here, the complaints in *Bugoni II* and *Bugoni III* describe an identical series of transactions: the events surrounding EBI's preparation of a background investigation report detailing Plaintiff's background (including his criminal history) and the provision of that report to BallCam's client. *Bugoni II*, ECF 1 *with Bugoni III*, ECF I. It is true, of course, that the two Complaints assert different numbers and types of legal claims. But the minor variations in the legal theories employed do not defeat *res judicata*. "If the claim existed at the time of the first suit and might have been offered in the same cause of action, then it is barred by *res judicata* from being brought in a subsequent suit." *Aliff*, 914 F.2d at 43-44. None of the claims Plaintiff asserts in *Bugoni III* appears to be grounded in a novel legal theory, or new factual allegations, arising in the months between the filing of *Bugoni II* and *Bugoni III*. Thus, because the claims could have been brought in *Bugoni II*, *res judicata* bars their assertion in the instant case. Judgment will be entered for EBI.

## IV. Conclusion

For the reasons set forth above, EBI's Motion for Summary Judgment, ECF 32, is GRANTED and judgment is entered in favor of EBI against Plaintiff. An order of judgment follows.

Dated: July 14, 2022                                          /s/
                                                              Stephanie A. Gallagher
                                                              United States District Judge